UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-165(15)(JRT/LIB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(15) BRENDA ANN FAGAN,

    Defendant.

**GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Gregory G. Brooker, Acting United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Brenda Ann Fagan. For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 21 months of imprisonment followed by a term of supervised release.

## INTRODUCTION

On May 20, 2015, a 12-count Indictment was returned by a grand jury sitting in the District of Minnesota charging the defendant and 40 other individuals with conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, to the communities in and surrounding the Red Lake and White Earth Indian Reservations in the District of Minnesota and Native American communities elsewhere. (District Court Docket ("DCD") 1.) The defendant was charged in the conspiracy count of the Indictment (Count 1). The defendant was arrested on May 27, 2015, and released on

an unsecured bond and conditions of release on May 28, 2015. Subsequently, the defendant pled guilty to Count 1 on January 4, 2017.

I.      Offense Conduct

During the spring and summer of 2014, law enforcement began investigating the drug trafficking activities of Omar Sharif Beasley. According to information provided by community members and through investigation, law enforcement was aware that Beasley was distributing large quantities of heroin in and around the Red Lake Indian Reservation. Further, Beasley was using local community members to assist him in the distribution of controlled substances. A break in the investigation came on October 3, 2014, when law enforcement from the Red Lake Police Department executed a warrant at a residence on the Red Lake Indian Reservation. Inside the residence, officers located several of the defendant's co-conspirators and approximately 1300 grams of heroin. All the individuals located inside the home were arrested on tribal or state charges.

As the investigation continued, law enforcement learned that the conspiracy extended not only to the Red Lake Indian Reservation, but also to the White Earth Indian Reservation and other Native American communities in North Dakota. During the course of the investigation, law enforcement identified the defendant as co-conspirator involved in the Beasley Drug Trafficking Organization ("DTO") through an arrest in North Dakota in November 2014 and through interception of wire communications in April 2015. The defendant, who is Beasley's stepmother, became involved in the DTO for a brief period in November 2014 to assist in transporting heroin to the District of Minnesota and

pharmaceutical pills to the Spirit Lake Indian Reservation in the District of North Dakota. In November 2014, the defendant traveled to the Spirit Lake Indian Reservation in the District of North Dakota, and met up with several other co-conspirators after delivering heroin to Beasley in the Minneapolis area. While in North Dakota, the defendant and several charged and uncharged co-conspirators possessed with intent to distribute and distributed pharmaceutical pills.

During the course of her Change of Plea Hearing on January 4, 2017, the defendant admitted that she transported and possessed with intent to distribute at least 25 grams of heroin in the District of Minnesota and possessed with intent to distribute and distributed 218 oxycodone pills and 245 hydromorphone pills on the Spirit Lake Indian Reservation in November 2014.

II.     Prior Criminal History and Pre-Sentence Release

As outlined in the Presentence Report prepared in this matter, the defendant is no stranger to the criminal justice system. The defendant has three prior felony convictions from the 1980s until 2007. The defendant's prior conviction from 2007 was a federal conviction in the Eastern District of Kentucky for conspiracy to possess with intent to distribute oxycodone. The defendant has a fourth felony conviction that is part of the offense before the Court. Based on the defendant's prior convictions and the "decay" of certain convictions, the defendant has a Criminal History Category of II.

The defendant was released pending trial in this matter on May 28, 2015. Based on information contained within the PSR, the defendant has maintained compliance with all her conditions for more than two years.

## SENTENCING GUIDELINES CALCULATION

The district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). In this matter, the defendant pled guilty to Conspiracy to Distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone. The PSR correctly determined that the adjusted offense level for conspiracy to distribute 25 grams of heroin and other pharmaceutical pills is 18. (PSR ¶ 120.) The government anticipates that by the time of sentencing on June 30, 2017, the defendant will have complied with the requirements to meet acceptance of responsibility. Thus, the defendant will be entitled to a three-level reduction for acceptance of responsibility. (PSR ¶¶ 127-128.) Finally, the PSR correctly concluded that the defendant's criminal history category is II. (PSR ¶ 137.)

Thus, based on the Probation Office's guidelines calculations and compliance with the requirements for acceptance of responsibility, the defendant's Guidelines range for Conspiracy to Distribute heroin and other controlled substances should be 21 to 27 months of imprisonment. For the reasons outlined in the next section, the government respectfully requests that the Court impose a sentence of 21 months of imprisonment followed by a term of supervised release.

The government notes that the defendant makes one objection to the Guidelines calculations. Namely, the defendant suggests that she should be entitled to a 2-level reduction for minor role in the conspiracy. The government opposes such reduction and respectfully requests that the Court overrule the objection. This matter before the Court is not the defendant's first federal felony conviction for possession with intent to distribute controlled substances. Further, the defendant willingly brought heroin from Detroit, Michigan, and delivered the heroin to the leader of the conspiracy. Finally, the defendant traveled to the Spirit Lake Indian Reservation in the District of North Dakota to distribute pharmaceutical pills. Based on all the facts in this case, the defendant is not substantially less culpable that those co-conspirators deemed average participants. Again, the government respectfully requests that the Court overrule the defendant's objection to the Guidelines calculations.

## SECTION 3553(a) SENTENCING FACTORS

In determining a sentence sufficient, but not greater than necessary, to accomplish the federal sentencing goals outlined in 18 U.S.C. § 3553, a Court must examine multiple factors including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the

most effective manner; and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a).  In this case, considering all of the sentencing factors, the government respectfully submits that a 21-month term of imprisonment is appropriate for the defendant. Such a sentence would be sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

I.      Nature and Circumstances of the Offense

Here, the defendant assisted her stepson by transporting heroin from Detroit, Michigan, to the District of Minnesota.  Further, the defendant possessed with intent to distribute and did distribute oxycodone and hydromorphone pills on the Spirit Lake Indian Reservation in the District of North Dakota as part of the Beasley DTO.  Although the defendant has previously served time with in custody for similar offenses, the defendant was not dissuaded from participating in the conspiracy – regardless of the brief length of time.

Neither Minnesota nor North Dakota are home to the defendant.  Rather, the defendant voluntarily agreed to transport heroin and distribute pharmaceutical pills for the Beasley DTO in exchange for money.  The defendant's actions affected innumerable individuals in Minnesota and North Dakota.  With no knowledge of the communities she was in, the defendant had no concern about her role in poisoning Native American communities in Minnesota and North Dakota.

However, brief her role, the defendant contributed to a significant epidemic of substance abuse in Indian Country. Thus, based upon the nature and circumstances of the offense, a sentence of 21 months of imprisonment is a fair and just sentence.

II.     History and Characteristics of the Defendant

Undoubtedly, the defendant has a recent history of significant medical issues. However, those medical issues did not prohibit the defendant from committing her crimes. Further, the defendant has previously been punished for similar offenses at an age when one is expected to have "aged out" of criminal activity. The defendant's prior sentence was 18 months of imprisonment.

Based on the defendant's criminal history and prior sentence of imprisonment, a sentence at the low-end of the Guidelines range is appropriate. A sentence of 21 months of imprisonment followed by supervised release is fair and just.

III.    A Fair and Just Sentence

In evaluating what is a sufficient, but not greater than necessary, sentence, the Court must examine several societal factors in addition to the specific factors surrounding the offense and the defendant. Namely, the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Further, the Court must impose a sentence that affords adequate general and specific deterrence to criminal conduct. Here, a sentence of 21 months of imprisonment balances all these societal and personal factors.

The government notes that the defendant previously pled guilty to a related offense in Benson County District Court in North Dakota.  That case comprised part of the federal case before the Court.  However, the defendant's role in the Beasley DTO was more significant than the actions on the Spirit Lake Indian Reservation.  The defendant admittedly assisted in the transportation of heroin to the District of Minnesota.  Further, the defendant's prior conviction is a glaring reminder that even those individuals old enough to retire commit crimes.  A sentence of 21 months of imprisonment recognizes the related conviction in North Dakota, but provides accountability for the defendant's other actions within the Beasley DTO.

Here, the defendant enabled and contributed to the epidemic of heroin and opioid substance abuse in Native American communities in the District of Minnesota and District of North Dakota.  There is no secret about the chemical dependency struggles in Native American communities throughout the United States.  There is no secret about the outside influences that bring drugs to the reservation and impact individual community members and the community as a whole.  This defendant assisted in distributing heroin to a state and community that were not her own.  Further, the defendant actively agreed to possess and distribute pharmaceutical pills for the Beasley DTO.  To promote respect for the law and reflect the seriousness of the offense, the defendant must be punished for her actions.  Further, there must be an adequate sentence in hopes of deterring others from becoming outside influences that bring drugs and negative outside influences to infect an entire community, whether that community is their community or not.

After reviewing all the factors set forth in 18 U.S.C. § 3553(a), a sentence of 21 months of imprisonment is a sufficient, but not greater than necessary, sentence.

## CONCLUSION

The government respectfully requests that the Court impose a sentence of 21 months of imprisonment followed by a term of supervised release. This sentence is reasonable as guided by the factors outlined in 18 U.S.C. §§ 3553(a).

Dated:  June 29, 2017                                        Respectfully Submitted,

                                                             GREGORY G. BROOKER
                                                             Acting United States Attorney

                                                             *s/Deidre Y. Aanstad*

                                                             BY:  DEIDRE Y. AANSTAD
                                                             Assistant U.S. Attorney
                                                             Attorney ID No. 0331788